## VAN BARNES v. THE STATE.

### No. 248.   Decided December 15, 1909.

**1.—Murder—Burden—Charge of Court—Defendant's Standpoint.**

Where, upon trial for murder, the issue of self-defense was raised by the evidence, the court erred in his charge by limiting the right of self-defense to real, instead of real or apparent danger, as viewed from defendant's standpoint.

**2.—Same—Charge of Court—Defense Theory.**

Where, upon trial for murder, the issues of self-defense and manslaughter were raised by the evidence, it was reversible error to limit the offense in the court's charge to either degree of murder and to exclude the defensive theory of the case.

**3.—Same—Charge of Court—Murder in the First Degree.**

Where, upon trial for murder, the evidence failed to raise the issue of murder in the first degree, it was error to charge upon this issue.

Appeal from the District Court of San Augustine. Tried below before the Hon. W. B. Powell.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The State contended that either the defendant intended to kill Jonas Waterhouse, and in shooting at him killed Henry Polk, a bystander, and that in that event he would be guilty of murder in the second degree, or that he intended to kill both Waterhouse and Polk, and was guilty of murder in the first or second degree. The defense contended that the defendant shot at Waterhouse in self-defense and never had any intention of injuring or killing Henry Polk, that under any event he could not be convicted of a higher offense than manslaughter.

The State's witness Jonas Waterhouse testified that the homicide took place at a negro festival at the residence of Shorty Brown, a little while before daylight on Sunday morning; that he was shot by defendant in the yard while witness was standing some twenty-five or thirty steps from where defendant was standing; that defendant only shot one time that he knew of, and never shot anyone else; that witness didn't know where Henry Polk was at that time, and that no one was standing close to witness at the time; the witness was but slightly wounded and he ran off; that there was a great deal of excitement and commotion among the negroes gathered there at the time. Another witness for the State testified that defendant shot Henry Polk; that at that time the witness saw the defendant shoot twice while standing on the gallery, and that Henry Polk, Jonas Waterhouse and others were in the crowd when Polk was shot, but this witness did not say whether defendant shot Polk intentionally, or by accident in shooting at Waterhouse. There was testimony that several shots were fired at the time, of which at least two were fired

by the defendant. There was also some testimony of some wordy altercation in the early part of the night between defendant on one side and Waterhouse and others on the other side, after a game of craps in which they, Henry Polk and others had engaged.

The defense testimony was that "Shorty Brown" was the man who fired the shot that struck Henry Polk. The defendant himself testified that in the early part of the night Richard Watts accused defendant of getting a quarter while defendant, Watts, Waterhouse, Henry Polk and others, were engaged in shooting craps; that defendant denied this and that both Watts and Waterhouse drew their knives and Waterhouse threatened to stab defendant; that defendant turned and went into the house and stayed there until daylight to keep them from hurting him; that he saw Watts with a pistol in his hand seeking conversation with defendant which defendant refused; that defendant heard some shooting before day, and then went out on the gallery and that he saw Waterhouse outside, who said, "There comes Van"; that defendant thought Waterhouse was going to hurt him and that he then shot at him; that he shot only once and didn't see Henry Polk at all and did not know where he was; that he did not even know that Henry Polk was shot until he was told; that he was afraid of Waterhouse, and badly frightened at the time he shot at him and that he did so for the purpose of protecting himself.

*Foster & Davis* and *D. M. Short & Sons,* for appellant.—On court's charge on self-defense: Terrell v. State, 53 Texas Crim. Rep., 604; Watson v. State, 50 Texas Crim. Rep., 171; Bell v. State, 48 Texas Crim. Rep., 256. On question of court's charge on manslaughter: Bell v. State, 48 Texas Crim. Rep., 256; Swain v. State, 48 Texas Crim. Rep., 98.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of murder in the second degree, and his punishment assessed at five years confinement in the penitentiary.

1. In motion for a new trial appellant excepts to the following charge of the court: "If you believe that the defendant shot and killed Henry Polk and he did so in defense of himself against an unlawful attack then being made upon him by Jonas Waterhouse, believing and having a reason to believe at the time he did so, if he did do so, that he was in danger of losing his life or of serious bodily injury at the hands of the said Jonas Waterhouse then he would not be guilty and you will acquit the defendant." Appellant objects to the charge on the ground that it placed a greater burden upon defendant than the law requires, in this; that the court did not permit the jury by said instruction to allow defendant the right to defend

against the unlawful attack then made upon him, or that reasonably appeared to him was about to be made judging from his standpoint, but limited his right of defense to such appearances of danger as was reasonable or unreasonable, thereby depriving him of the right to defend against danger real or apparent as viewed from his standpoint. The charge is subject to the criticism urged by appellant.

2. Appellant also excepts to the following charge of the court: "Gentlemen of the jury, if the defendant shot at Jonas Waterhouse and by mistake shot and killed Henry Polk and he was not justified in shooting Jonas Waterhouse, he would be guilty of the homicide of said Henry Polk, but the degree of homicide of which he would be guilty is a question of law to be determined by the facts in the case. And in this connection you are instructed that if Van Barnes had killed Jonas Waterhouse he would have been guilty of murder in the first degree, and in attempting to so kill him he killed Henry Polk then he would be guilty of murder in the second degree." Appellant objects to this charge on the ground that the jury are pointedly instructed to find that if Jonas Waterhouse had died as a result of the injury inflicted upon him, if any, by said Van Barnes, that such killing would have been murder in the first degree, and that if Barnes killed Polk in so shooting at Waterhouse, that appellant would be guilty of murder in the second degree, thus depriving appellant of any benefit of the court's charge on manslaughter given in the former part of the charge, and thus telling the jury to convict appellant of murder in the second degree if they found he shot at Waterhouse and in so shooting at him also shot and killed Henry Polk, thus depriving appellant of the benefit of the court's charge upon the law of self-defense given in former part of the charge. These criticisms are in the main correct. Appellant's testimony suggested either manslaughter or self-defense. If appellant shot at Jonas Waterhouse under circumstances that would make him guilty of manslaughter, provided he had killed him, and killed Polk, he would not be guilty of any grade of homicide greater than manslaughter for killing said Polk. The charge is in conflict with other portions of the court's charge. On the other hand, if appellant with a sedate and deliberate mind shot at Waterhouse with a formed design to kill and take the life of said Waterhouse, and missed Waterhouse and killed Polk, appellant would be guilty of murder in the second degree. These questions are thoroughly elaborated under many authorities of this court, and we do not deem it necessary to comment further.

3. Appellant also excepts to the following charge of the court: "If you believe beyond a reasonable doubt that Van Barnes did in San Augustine County, Texas, on or about the 8th day of March, 1908, shoot and thereby kill Henry Polk with a gun, and that said shooting was not done in self-defense as that term has been defined

to you, and you further believe beyond a reasonable doubt that said shooting was upon express malice, that is, with a sedate and deliberate mind and formed design to kill Henry Polk and not to kill Jonas Waterhouse then you will find him guilty of murder in the first degree, and assess his punishment at death or confinement in the penitentiary for life." Appellant objects to this charge on the ground that there is no evidence in the case requiring the court to submit the issue of murder in the first degree as to Henry Polk. The evidence in this case is quite unsatisfactory and confusing. In view of another trial, however, we would suggest that if the evidence does not show affirmatively from some witness or by circumstances that conclusively establish the fact that appellant shot at Henry Polk, this charge should not be given. As we understand the record now before us, the issue is not in the case, but, as stated, the evidence is so mixed and confused that we are at a loss to know whether the evidence suggested the issue of shooting at Henry Polk.

For the errors pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*